IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-288-FL

| | |
|---|---|
| KIMARLO ANTONIO RAGLAND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NC STATE BOARD OF EDUCATION; )<br>WILLIAM COBEY; AL COLLINS; DAN )<br>FOREST; JANET COWELL; REBECCA )<br>TAYLOR; REGINALD KENAN; KEVIN )<br>HOWELL; OLIVIA HOLMES OXENDINE; )<br>GREGORY ALCORN; WAYNE )<br>MCDEVITT; PATRICIA WILLOUGHBY; )<br>ERIC DAVIS; and DR. JUNE ATKINSON )<br>(Superintendent), )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on frivolity review of plaintiff's pro se complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b),United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court dismiss in part plaintiff's claims and allow plaintiff's claim for injunctive relief to proceed. Plaintiff timely filed objections to the M&R, accompanied by a motion for appointment of counsel. (DE 5). In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court denies plaintiff's motion for counsel, adopts in part and rejects in part the M&R, and dismisses the action in its entirety.

**BACKGROUND**

Plaintiff filed motion for leave to proceed in forma pauperis on May 25, 2016, accompanied by proposed complaint and proposed revised complaint, asserting that defendants committed constitutional and statutory violations, as well as state law torts, in terminating him from a public school teaching position and in taking adverse action against plaintiff's teaching license. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief in the form of removal of charges from his personnel file and reinstatement or plaintiff's teaching license. The court incorporates herein the background description of the case set forth in the M&R. (DE 4 at 2-4).

In M&R entered May 10, 2017, the magistrate judge recommends dismissal of all federal claims for monetary relief on the basis of immunity and for failure to state a claim upon which relief can be granted. The magistrate judge recommends allowing plaintiff's claim for injunctive relief against the North Carolina State Board of Education to proceed, while declining to exercise supplemental jurisdiction over remaining state law claims. Plaintiff filed objections to the M&R on May 23, 2017, seeking appointment of counsel and challenging the magistrate judge's determinations as to immunity, federal claims, and state law claims.

**DISCUSSION**

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for

"clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

    1.  Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds,

518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) (quotations omitted); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claim is not complex, and plaintiff has failed to demonstrate that his case is one in which exceptional circumstances merit appointment of counsel. Thus, plaintiff's motion to appoint counsel (DE 5) is DENIED.

    2.    Frivolity Review

        a.    Claims for Monetary Relief

Plaintiff objects to the magistrate judge's determinations as to plaintiff's federal and state law claims for monetary relief. Upon de novo review of the M&R and the record in this case, the court adopts determinations in the M&R regarding claims for monetary relief as its own. In particular, the magistrate judge correctly determined that the court lacks subject matter jurisdiction due to immunity as to plaintiff's constitutional claims for monetary relief. See Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995) (Eleventh Amendment immunity); Ostrzenski v. Seigel, 177 F.3d 245, 249 (4th Cir. 1999) (absolute quasi-judicial immunity); see, e.g., Dyer v. Md. State Bd. of Educ., No. 16-1862, 2017 WL 1423298, at *1 (4th Cir. Apr. 21, 2017) (applying Eleventh Amendment immunity and quasi-judicial immunity to claims asserted against state board of education). In addition, the magistrate judge correctly determined that the court should decline to exercise jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(2); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988).

b. Claims for Injunctive Relief

As to plaintiff's claims for injunctive relief against defendant North Carolina Board of Education (the "Board"), the court rejects the recommendation of the magistrate judge to allow such claims to proceed.

As an initial matter, the court must abstain from allowing plaintiff's claims against the Board to proceed, in light of Younger v. Harris, 401 U.S. 37 (1971). Abstention is warranted where plaintiff alleges Board proceedings are ongoing, those proceedings involve an important state interest, and those proceedings provide an adequate opportunity to raise constitutional challenges. See Middlesex City Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982) (applying Younger to state-initiated disciplinary proceedings against legal license); see, e.g., Watts v. Burkhart, 854 F.2d. 839 (6th Cir. 1988) (applying Younger to challenge of state-initiated disciplinary proceedings against medical license).

For purposes of Younger, a proceeding is ongoing if a party in the appellee's posture fails to "exhaust his state appellate remedies before seeking relief in the District Court, unless he can bring himself within one of the exceptions specified in Younger." Huffman v. Pursue, Ltd., 420 U.S. 592, 607–08 (1975). Here, plaintiff does not allege facts regarding the current status of Board proceedings regarding plaintiff's professional license or status (See DE 6, 7). However, plaintiff is seeking to have this court direct expungement of files relating to the Board's license revocation proceedings, to reinstate his teaching license, (DE 7 at 11), and to preclude the Board "from taking any adverse action against the professional license of the plaintiff." (DE 5 at 8).

A suit requesting expungement and reinstatement of personnel records involves on-going proceedings. See, e.g., Coakley v. Welch, 877 F.2d 304, 307 n.2 (4th Cir. 1989) (holding that termination of plaintiff's employment was state conduct that, "while no longer giving him daily

5

attention, continues to harm him by preventing him from obtaining the benefits of [state] employment"); Shepard v. Irving, 77 F. App'x 615, 620 (4th Cir. 2003) (holding that a plaintiff's request for expungement of her academic record and related plagiarism conviction would be prospective and targeted an on-going injury). Here, lack of an active North Carolina teaching license prevents plaintiff from obtaining state employment as a teacher. 16 N.C. Admin. Code 6C.0301(a) (2017). Therefore, plaintiff's requests for expungement and reinstatement are claims for injunctive relief in on-going proceedings barred by Younger.[1]

North Carolina also has an important and substantial interest in prosecuting and regulating teaching licenses in state proceedings, and those proceedings will provide an adequate opportunity to raise constitutional challenges. See Middlesex City, 457 U.S. at 432. Opportunity to raise constitutional challenges is adequate if the "constitutional claims may be raised in state-court judicial review of the administrative proceedings." See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 629 (1986). In this case, state-court judicial review is available to plaintiff. See N.C. Gen. Stat. § 150B-43. Further, during state-court review "any judicial remedy [is] available." Id. In sum, plaintiff can effectively raise his constitutional challenges in state-court.

Although plaintiff suggests an exception to Younger abstention should apply to permit his federal claims to proceed, plaintiff has not alleged facts with sufficient particularity to support such an exception. "A plaintiff [often] must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001); see also White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (Affirming district court's

---

[1] Further, to the extent that plaintiff contends he has completed all remedies in state court, and no state proceedings remain ongoing, his claims for injunctive relief are not subject to review by this court due to the Rooker-Feldman doctrine. Lance v. Dennis, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (per curiam) ("[L]ower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.").

6

dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). In the instant case, plaintiff claims that state officials responsible for the prosecution against his license acted in bad faith or with the intent to harass. (See DE 7 at ¶¶ 8–9, 13, 15, 18). However, plaintiff fails to support these claims with facts that tend to support his bare assertions. Thus, the exceptions to Younger do not apply because plaintiff has not alleged sufficient facts to support them.

In addition, apart from Younger abstention, plaintiff has failed to allege facts stating a claim for a constitutional violation against the Board entitling plaintiff to injunctive relief. Plaintiff suggests that the Board has violated his procedural due process rights. "Procedural due process requires fair notice of impending state action and an opportunity to be heard." Snider Int'l Corp. v. Forest Heights, 739 F.3d 140, 146 (4th Cir. 2014) (citing Mathews v. Eldridge, 424 U.S. 319, 333 (1976)). In this case, plaintiff alleges he received written notices of the charges against him, as well as an opportunity to participate in a "meeting with the ethics committee." (DE 7 ¶¶ 14, 17, 18, 19). Plaintiff has not alleged facts supporting a procedural due process claim.

Plaintiff also suggests that he has stated a claim for an equal protection violation due to the racial makeup of the Board and due to comparison of proceedings involving other license holders. To state an equal protection claim plaintiff must allege 1) "that he has been treated differently from others with whom he is similarly situated," and 2) "that the unequal treatment was the result of intentional or purposeful discrimination." Stop Reckless Econ. Instability Caused by Democrats v. Fed. Election Comm'n, 814 F.3d 221, 233 (4th Cir. 2016) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). Plaintiff's complaint must contain sufficient factual matter to state a claim that is plausible on its face. See Iqbal, 556 U.S. at 678. Plaintiff must also plead more than conclusory allegations. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("A plaintiff must offer more detail . . . than

7

the bald statement that he has valid claim against the defendant.").

In this case, plaintiff asserts that others similarly situated were treated differently than him. See (DE 7 at ¶¶ 20, 21). However, plaintiff does not provide sufficient factual allegations to push plaintiff's claim from conceivable to plausible. Plaintiff has not alleged other individuals who were similarly situated to him who were treated differently. His factual allegations are conclusory and speculative. Therefore, plaintiff fails to state a claim upon which relief can be granted.

Finally, plaintiff asserts a violation of his Fourth Amendment rights. The Fourth Amendment, however, is "tailored explicitly for the criminal justice system." Manuel v. City of Joliet, III, 137 S. Ct. 911, 917 (2017) (quoting Bailey v. United States, 568 U.S. 186 (2013)). Because plaintiff is challenging administrative actions by a state agency his Fourth Amendment claim fails.

In sum, the court must abstain from adjudicating plaintiff's claim for injunctive relief against the Board. In addition, plaintiff fails to state a constitutional violation under 42 U.S.C. § 1983 entitling him to the injunctive relief that he seeks against the Board. Therefore, upon frivolity review, plaintiff's claim for injunctive relief must be dismissed, and plaintiff's action must be dismissed in its entirety for lack of subject matter jurisdiction and for failure to state a claim.

## CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motion to appoint counsel (DE 5). Upon frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's claims for monetary relief are DISMISSED for the reasons stated herein and in the M&R. Plaintiff's claims for injunctive relief against the Board are DISMISSED for the reasons stated herein. Accordingly, the action is DISMISSED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 11th day of July, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge