IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-288-FL

| | | |
|---|---|---|
| KIMARLO ANTONIO RAGLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NC STATE BOARD OF EDUCATION; | ) | |
| WILLIAM COBEY; AL COLLINS; DAN | ) | |
| FOREST; JANET COWELL; REBECCA | ) | ORDER |
| TAYLOR; REGINALD KENAN; KEVIN | ) | |
| HOWELL; OLIVIA HOLMES | ) | |
| OXENDINE; GREGORY ALCORN; | ) | |
| WAYNE MCDEVITT; PATRICIA | ) | |
| WILLOUGHBY; ERIC DAVIS; and DR. | ) | |
| JUNE ATKINSON (Superintendent), | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion to revive and request for hearing, which the court construes as including a post-judgment motion for leave to amend complaint (DE 21). For the following reasons, the motion is denied.

**STATEMENT OF THE CASE**

Plaintiff commenced this action by filing a motion for leave to proceed in forma pauperis on May 25, 2016, accompanied by proposed complaint and proposed revised complaint, asserting that defendants committed constitutional and statutory violations, as well as state law torts, in terminating him from a public school teaching position and in taking adverse action against plaintiff's teaching license. Plaintiff sought compensatory and punitive damages, as well as injunctive relief in the form of removal of charges from his personnel file and reinstatement of

plaintiff's teaching license. United States Magistrate Judge Kimberly A. Swank granted plaintiff's motion to proceed in forma pauperis, and the court filed plaintiff's operative revised complaint on May 10, 2017.

Upon frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), on July 11, 2017, the court dismissed plaintiff's claims for monetary relief, adopting the recommendation of the magistrate judge. In addition, the court dismissed plaintiff's claims for injunctive relief and closed the case. See Ragland v. NC State Bd. of Educ., No. 5:16-CV-288-FL, 2017 WL 2963447, at *4 (E.D.N.C. July 11, 2017). Plaintiff appealed, and the court of appeals affirmed the decision dismissing plaintiff's complaint, reasoning as follows:

> We conclude that the district court properly dismissed Ragland's claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2017), because the Defendants did not employ Ragland, as required for an action under Title VII. The district court also appropriately dismissed Ragland's claims for monetary relief under 18 U.S.C. §§ 1981, 1983, 1985 (2012) because Defendants were immune from suit. See 28 U.S.C. § 1915(e)(2)(B)(iii) (2012). We further conclude that the district court did not abuse its discretion in abstaining from exercising jurisdiction, pursuant to Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), over Ragland's 18 U.S.C. §§ 1981, 1983, 1985 claims for injunctive relief. Finally, we conclude that the district court did not abuse its discretion in declining to appoint counsel or exercise supplemental jurisdiction over Ragland's state law claims.

Ragland v. NC State Bd. of Educ., 714 F. App'x 313, 314 (4th Cir. 2018).

Plaintiff filed the instant motion on November 9, 2020, seeking leave to reopen the case through proposed amended complaint attached to the motion. Plaintiff also relies upon an Equal Employment Opportunity Commission form dated August 10, 2020. The court initially referred plaintiff's motion to the clerk, who provided plaintiff with instructions on how to open a new case. Plaintiff responded on December 9, 2020, that he did not want to open a new case, but rather sought a ruling on the instant motion in the present case.

2

**COURT'S DISCUSSION**

"A district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)." <u>Katyle v. Penn Nat'l Gaming, Inc.</u>, 637 F.3d 462, 470 (4th Cir. 2011). When evaluating a post-judgment motion to amend the complaint, however, the court need not consider the legal standards governing post-judgment motions under Rules 59(e) or 60. <u>Id.</u> at 471. Instead, the court "need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." <u>Id.</u>; <u>see also</u> <u>Laber v. Harvey</u>, 438 F.3d 404, 427 (4th Cir. 2006) (en banc).

Where, as here, more than 21 days have passed since the filing of the initial complaint, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." <u>Id.</u> "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Laber</u>, 438 F.3d at 426.

In addition, a complaint may be dismissed upon frivolity review under § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable

to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Here, plaintiff's proposed amended complaint is futile because it suffers from the same deficiencies as plaintiff's original complaint. With the exception of a limited set of updated allegations, discussed further below, plaintiff restates the same factual allegations and claims for monetary relief that he asserted in his original complaint. (Compare Compl. (DE 7) ¶¶ 1-36, with Pl's Proposed Am. Compl. (DE 21-1) ¶¶ 1-70). Those factual allegations and claims are insufficient to state a claim for all the reasons stated in the court's dismissal order and in the decision of the court of appeals affirming the same. See Ragland, 714 F. App'x at 314.[1]

Plaintiff's new factual allegations also fail to state a claim upon which relief can be granted. For example, plaintiff alleges the following facts post-dating the original complaint:

> 76. By mid-year 2017 the ALJ [Administrative Law Judge of the Administrative Office of Hearings] was aware of that the petitioner spent a significant time beyond the confines of "NC" for employment purposes.
>
> 77. The ALJ had the petitioner email address where he had sent and received all correspondence with the Administrative Office of Hearings up to that point.
>
> 78. The ALJ attempted to contact the plaintiff via telephone through third party communication to distract and detract the petitioner from engaging in on-going meaningful employment, and was therefore attempting to continue to execute unlawful plots and ploy(s) to accomplish their goal.
>
> 79. Nearly two [years] elapsed from the time that the plaintiff last heard from the ALJ, before the ALJ mailed the petitioner his decision "non-certified" despite

---

[1] To the extent plaintiff seeks reconsideration of the court's dismissal order entered over two years prior to the instant motion, plaintiff has not demonstrated a basis for reconsideration of the same. See Aikens v. Ingram, 652 F.3d 496, 500-01 (4th Cir. 2011) (explaining that Rule 60(b) relief is not available "if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment").

4

having the petitioner's email address, and knowing the plaintiff work outside of North Carolina.

80. The newly elected superintendent Mark Johnson had an obligation to pursue this bogus case and bogus charges that were in-acted and initiated by former superintendent Dr. June Atkinson.

81. To-date Mark Johnson nor the NC State Board of Education (who issued the license) has corresponded with the plaintiff with regard to this "illegal" matter.

82. Approximately a year after the state superior court dismissed this matter/complaint the plaintiff discovered that the defendant(s) had begun to report on line through the online NC license database of educators, and google etc. that the professional license of the plaintiff was revoked a year earlier sometime during November 2018.

83. The defendant(s) did not conduct a hearing, nor affording the plaintiff any due-process thus primarily violating his 5th and 14th amendment US constitutional rights and amongst many other(s).

84. Moreover, the defendants afforded the plaintiff absolutely no written, thus valid notification as to what action was taken (revocation), when the action was taken, and what appropriate regress and recourse was afforded him in response thereto.

85. Usually in a contested case matter such as herein the ALJ set forth "findings of facts" and ["]conclusions of law."

86. Subsequently after accurate adjudication within the NC Office of Administrative Hearings, the usual procedure is that the license agency accept, reject, or modify the "findings of facts" and ["]conclusions of law" set forth by the ALJ.

87. To-date no "findings of facts" and ["]conclusions of law" has been set forth herein this matter.

(Pl's Proposed Amended Compl. (DE 21-1) ¶¶ 76-87).

As an initial matter, to the extent plaintiff seeks monetary relief on the basis of the foregoing allegations, such claims for monetary relief fail for the same reasons as plaintiff's original claims for monetary relief, due to immunity of defendants. See Ragland, 714 F. App'x at 314. With respect to plaintiff's claim for injunctive relief, where plaintiff suggests he seeks removal of charges from his personnel file and reinstatement of his teaching license, the court must

5

abstain from exercising jurisdiction, pursuant to Younger v. Harris, 401 U.S. 37 (1971). As explained in the court's prior order:

> A suit requesting expungement and reinstatement of personnel records involves on-going proceedings. See, e.g., Coakley v. Welch, 877 F.2d 304, 307 n.2 (4th Cir. 1989) (holding that termination of plaintiff's employment was state conduct that, "while no longer giving him daily attention, continues to harm him by preventing him from obtaining the benefits of [state] employment"); Shepard v. Irving, 77 Fed.Appx. 615, 620 (4th Cir. 2003) (holding that a plaintiff's request for expungement of her academic record and related plagiarism conviction would be prospective and targeted an on-going injury). Here, lack of an active North Carolina teaching license prevents plaintiff from obtaining state employment as a teacher. 16 N.C. Admin. Code 6C.0301(a) (2017). Therefore, plaintiff's requests for expungement and reinstatement are claims for injunctive relief in on-going proceedings barred by Younger.
>
> North Carolina also has an important and substantial interest in prosecuting and regulating teaching licenses in state proceedings, and those proceedings will provide an adequate opportunity to raise constitutional challenges. See Middlesex [Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)]. Opportunity to raise constitutional challenges is adequate if the "constitutional claims may be raised in state-court judicial review of the administrative proceedings." See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 629 (1986). In this case, state-court judicial review is available to plaintiff. See N.C. Gen. Stat. § 150B-43. Further, during state-court review "any judicial remedy [is] available." Id. In sum, plaintiff can effectively raise his constitutional challenges in state-court.
>
> Although plaintiff suggests an exception to Younger abstention should apply to permit his federal claims to proceed, plaintiff has not alleged facts with sufficient particularity to support such an exception. . . . In the instant case, plaintiff claims that state officials responsible for the prosecution against his license acted in bad faith or with the intent to harass. . . . However, plaintiff fails to support these claims with facts that tend to support his bare assertions. Thus, the exceptions to Younger do not apply because plaintiff has not alleged sufficient facts to support them.

Ragland, 2017 WL 2963447, at *3; See Ragland, 714 F. App'x at 314 ("[T]he district court did not abuse its discretion in abstaining from exercising jurisdiction, pursuant to Younger.").

The same reasoning continues to apply here, given the prospective nature of the relief sought, the important and substantial state interests in prosecuting teaching license proceedings,

6

and the availability of state court judicial review. Accordingly, plaintiff's proposed amended claims seeking injunctive relief are futile and do not survive review under § 1915(e)(2)(B).

## CONCLUSION

Based on the foregoing, plaintiff's motion (DE 21) to revive and request for hearing, construed as including a post-judgment motion for leave to amend complaint, is DENIED. The court dispenses with hearing because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

SO ORDERED, this the 21st day of December, 2020.

LOUISE W. FLANAGAN
United States District Judge